UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KERI JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16CV1412 SNLJ |
| FERGUSON-FLORISSANT SCHL. DIST., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"). Pending before the Court is plaintiff's motion for leave to proceed in forma pauperis. Upon consideration of plaintiff's financial affidavit, it appears that plaintiff cannot afford to pay the filing fee, and the Court will therefore grant the motion. *See* 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(e), the Court is required to review any case filed in forma pauperis and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the case, it appears that plaintiff's claims are barred by the ADA's exhaustion requirements, and the Court will order plaintiff to show cause why the complaint should not be summarily dismissed.

Plaintiff brings this action against the Ferguson-Florissant School District. Plaintiff was a teacher in the District. She alleges that she was subjected to a hostile work environment and unlawfully terminated in March 2015 because of her disability.[1] Plaintiff also alleges that she was subjected to unlawful retaliation as a result of her disability. Attached to plaintiff's

---

[1] Plaintiff has not indicated the specific disability she suffers from.

complaint is a copy of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, as well as her charge of discrimination filed with the EEOC.

ADA plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir.2011). Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights on April 17, 2015. Plaintiff was mailed a right to sue letter from the EEOC on May 25, 2016. Plaintiff filed this lawsuit on September 1, 2016.

A plaintiff in an ADA action has ninety (90) days from receipt of the right to sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f); 42 U.S.C.§ 12117(a) (applying the 90-day statute of limitations to ADA claims); *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004). Failure to file a timely civil action warrants dismissal of the complaint. *Id.*

The ninety-day period in this case elapsed on approximately August 23, 2016. Because plaintiff did not file the instant action until September 1, 2016, the complaint appears to be subject to dismissal for failure to timely exhaust administrative remedies. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). As a result, the Court will direct plaintiff to show cause why the complaint should not be dismissed.

Furthermore, the Court will not appoint counsel at this juncture, as it appears that plaintiff's case is subject to dismissal for failure to timely exhaust her administrative remedies. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Her motion for appointment of counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is [Doc. #4] **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff **shall show cause no later than twenty-one (21) days** from the date of this Order why this action should not be dismissed.

Dated this 6th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE