UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KERI JACKSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16cv1412 SNLJ |
| | ) | |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Keri Jackson filed her complaint against her former employer, the Ferguson-Florissant School District, for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA"). The defendant has moved to dismiss (#11). Plaintiff has not responded, and the time for doing so has passed.

Plaintiff alleges that she was employed as a teacher or teacher's assistant with the defendant. She believes she was discharged due to her "disability and in retaliation for reporting the discrimination, bullying, and harassment [she] endured." (#1 at 6.) She filed her Charge of Discrimination with the Missouri Commission on Human Rights on April 17, 2015. The Equal Employment Opportunity Commission sent to plaintiff her Right to Sue letter on May 25, 2016. The Right to Sue letter states that she may file a lawsuit against the defendant and that it "must be filed WITHIN 90 DAYS of your receipt of this notice." (#1-1 at 1 (emphasis in original).)

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. Iqbal, 556 U.S. at 678.

Defendant moves for dismissal because plaintiff failed to file her lawsuit within 90 days of receiving her Right to Sue letter from the EEOC. The ADA requires that a claim be fired in federal court within ninety (90) days of the plaintiff s receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. § 200e-5(f)(l) (Title VII action must be brought within 90 days of notification of right to sue); 42 U.S.C. § 12117(a) (adopting Title VII limitations period for the ADA). Here, it is presumed that plaintiff received her right to sue letter three days after its mailing. *Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831

F. Supp. 733, 735 (E.D. Mo. 1993); *see also Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *see also* Fed. R. Civ. P. 6(d). However, plaintiff did not file this lawsuit until September 1, which was 96 days after plaintiff is presumed to have received the letter. Although the 90-day limitation is not jurisdictional and is subject to equitable tolling, courts "have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Here, plaintiff has not responded at all to the motion to dismiss.

Because this Court will grant defendant's motion to dismiss due to plaintiff's failure to timely file her lawsuit, the Court need not address defendant's other arguments in favor of dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#10) is **GRANTED**.

Dated this  21st  day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE