# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KERI JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1412 SNLJ |
| | ) |
| FERGUSON-FLORISSANT | ) |
| SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Keri Jackson brought this action against her former employer, the Ferguson-Florissant School District, for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA"). The Court granted defendant's unopposed motion to dismiss on February 21, 2017 (#12). On April 24, 2017, plaintiff filed a letter to the Court with the subject "Appeal to Re-open Case." (#14.) The Court will treat the letter as a motion for relief from an order under Federal Rule of Civil Procedure 60(b)(1), which allows the court to "relieve a party…from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect." Defendant has not responded to the motion.

The Court dismissed plaintiff's complaint because plaintiff did not file this lawsuit within the 90-day statute of limitations period; rather, she filed her complaint six days late. As this Court noted,

> Although the 90-day limitation is not jurisdictional and is subject to equitable tolling, courts "have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Here, plaintiff has not responded at all to the motion to dismiss.

(#12 at 3.)

Plaintiff now seeks relief from this Court's dismissal of her case due to problems plaintiff was having receiving her mail. The ADA requires that a claim be fired in federal court within ninety (90) days of the plaintiff's receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 200e-5(f)(l) (Title VII action must be brought within 90 days of notification of right to sue); 42 U.S.C. § 12l17(a) (adopting Title VII limitations period for the ADA). The Court's presumption had been that plaintiff received the Right to Sue Letter three days after its May 25, 2016 mailing date, which meant her filing deadline was August 26, 2016. *See Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F. Supp. 733, 735 (E.D. Mo. 1993); *see also Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *see also* Fed. R. Civ. P. 6(d). Plaintiff now says that she received her Right to Sue Letter on June 3, 2016, which would make her September 1, 2016 complaint filing date timely. In support, plaintiff provides a letter from a customer service manager at the post office branch for her home, which states that plaintiff "has had ongoing problems with her delivery of service since May 2016," when her mail was being delivered by substitute mail carriers. Plaintiff did not obtain the letter from the post office until April 13, 2017. She also suggests that, although she apparently received the defendant's December 2016 motion to dismiss and this Court's February 21, 2017 dismissal, she did not respond to either document until the end of April because her

2

newborn daughter was hospitalized in December 2016 and in fragile health through much of the winter. In addition, she was waiting to obtain the letter from the postal service supporting that her mail had been delayed in May 2016. Absent any response from the defendant, the Court concludes that plaintiff has shown that Rule 60(b) applies to allow relief from this Court's order dismissing plaintiff's complaint and that equitable tolling should apply such that plaintiff's complaint was timely filed on September 1, 2016.

Plaintiff appears to acknowledge that, although this Court dismissed plaintiff's case only due to her failure to file her complaint within the 90-day deadline, the defendant also argued that her complaint should be dismissed because she had not adequately pleaded any violation of the ADA. Specifically, defendant pointed out that plaintiff failed to state what her disability was and thus did not support she had a "qualified disability" to support an ADA claim. (#11 at 5-6.) Plaintiff's motion for relief includes a response to the defendant's motion to dismiss and provides more information regarding her disability. She states she has myoclonic epilepsy and that she was repeatedly verbally harassed, bullied, and intimidated by her immediate supervisor, and that she was repeatedly verbally harassed, bullied, threatened, and physically assaulted by her students. She says she reported this treatment but that the defendant did not follow written disciplinary consequences set forth in the defendant's Student Conduct Policy. She further states she was retaliated against for her complaints and that she suffered damages.

The Court notes that plaintiff's statements in her motion for relief do not suffice to amend her complaint to correct the deficiency raised by defendant. Plaintiff must file an

3

amended complaint. Recognizing that plaintiff is *pro se*, the Court will allow plaintiff to file an amended complaint addressing the matters raised in the defendant's motion to dismiss.

Plaintiff's motion for relief from the order dismissing her case will be granted. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief from this Court's February 21, 2017 order is **GRANTED**.

**IT IS FURTHER ORDERED** that that this Court's order dismissing plaintiff's complaint is **VACATED**.

**IT IS FINALLY ORDERED** that plaintiff shall have 30 days from the date of this Order in which to file an amended complaint that addresses the defects raised in defendant's motion to dismiss. Should plaintiff require an extension of time in which to meet this or any other deadline, plaintiff shall file a motion requesting such an extension.

Dated this  14th  day of July, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE