UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERI JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1412 SNLJ |
| | ) |
| FERGUSON-FLORISSANT | ) |
| SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Keri Jackson brought this action against her former employer, the Ferguson-Florissant School District, for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA"). The Court granted defendant's unopposed motion to dismiss on February 21, 2017 (#12). On April 24, 2017, plaintiff filed a letter to the Court with the subject "Appeal to Re-open Case." (#14.) The Court treated the letter as a motion for relief from an order under Federal Rule of Civil Procedure 60(b)(1), which allows the court to "relieve a party…from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect." Because plaintiff had documented problems with her mail delivery during the pertinent time, causing her to miss deadlines, the Court reopened the case and allowed plaintiff to amend her complaint. Plaintiff sought and received an extension to amend her complaint. After filing the amended complaint, defendant moved to dismiss. Plaintiff belatedly filed a motion to extend her time to respond to the motion to dismiss.

(#25.)  Although defendant opposes the extension, citing to plaintiff's earlier delays including delays caused by plaintiff's mail delivery problems, the Court will grant the motion to file her response out of time.  The plaintiff is advised, however, that she must be prompt with future filings.

Plaintiff also requests appointment of counsel (#25, #22).  She says that her tardy responses are due in part to her search for counsel, but plaintiff has had more than a year to do so.  As for plaintiff's request that this Court appoint counsel for her, the appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court.  Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992).  The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim.  *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1080-81 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not necessary at this time.  Plaintiff appears able to clearly present and investigate her claim.  The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time and appoint of counsel (#25) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (#22) is **DENIED** without prejudice.

Dated this  20th  day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE