UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KERI JACKSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16cv1412 SNLJ |
| | ) | |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss (#23), plaintiff's motion to clarify (#45), and plaintiff's motion to disqualify counsel (#50). Plaintiff Keri Jackson filed her complaint against her former employer, the Ferguson-Florissant School District, for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA").

The docket sheet in this case is convoluted. To summarize, defendant moved to dismiss and filed a memorandum in support on September 26, 2017. Plaintiff received an extension of time in which to respond and filed her response brief on October 20. Defendant filed its reply on October 25. Then, plaintiff filed what she titled "Memorandum of Pro Se Plaintiff's Reply to Defendant's Motion to Dismiss for Failure to State a Claim" (#30) on November 2. This document, however, appears to be a Second Amended Complaint, however, not a response memorandum. Defendant filed a "Reply" (#31) on November 9. Plaintiff then, on November 17, filed a motion for leave

to file a supplemental memorandum (#32) in opposition to the defendant's motion to dismiss, and on November 20, she filed a motion requesting that the Court accept corrected exhibits to the November 17 motion (#33). Defendants opposed those motions, but the Court granted Document #32 on November 22. The supplemental memorandum was filed as Document #36. Defendant then sought and was granted leave to file a surreply, which was filed on November 30 as Document #39.

On December 15, plaintiff moved for leave to respond to the surreply (#40); defendants moved to strike (#41) that motion because plaintiff accused defendant of various misdeeds including "straight out" lying to the Court by stating that plaintiff failed to state a claim for discrimination in her complaint. The Court granted the plaintiff's motion for leave (#42) but then granted defendant's motion to strike (which was filed just five minutes before this Court granted the plaintiff's motion for leave), struck the plaintiff's motion and the supplemental response (which had been docketed as Document No. 43), and stated no further responses would be allowed (#44).

On January 22, 2018, the plaintiff moved to clarify (#45) this Court's Docket Entry #44, which granted the motion to strike. Plaintiff repeated her statements regarding the "falsified statements" that she believed defendants had presented to the Court. She urged the Court to review her supplemental briefing because it addressed the substance of defendant's surreply. She also expressed confusion regarding the timing of the various docket entries.

Finally, on April 16, plaintiff filed a motion seeking to disqualify counsel who had newly filed appearances in this case on behalf of defendant. No response has been filed.

### I. Motion to Accept Corrected Exhibits (#33)

The Court will grant plaintiff's motion to correct exhibit numbers for exhibits apparently filed in support of her memoranda in opposition to defendant's motion to dismiss. However, the Court also acknowledges that it is unable to consider matters outside the pleadings at the motion to dismiss stage.

### II. Motion to Clarify (#45)

This Court granted defendant's motion to strike the plaintiff's motion for leave to respond in opposition to defendant's surreply for the reasons stated in the defendant's motion. The Court initially granted plaintiff's motion for leave, so the plaintiff's opposition to defendant's surreply was initially docketed as Document Number 43. Just five minutes before the clerk filed the order granting the plaintiff's motion, the defendant filed the motion to strike. The motion to strike was filed on December 18. Three weeks later, plaintiff had not filed a response to the motion to strike. It appears that plaintiff may have thought the motion to strike was moot on account of the fact that her motion for leave (the motion defendant sought to be stricken) was granted, but the fact remains that plaintiff did not respond to the motion to strike. The Court found the defendant's motion to be well-taken for the reasons stated in the defendant's motion and granted the motion. Thus, Document No. 43 was stricken from the docket sheet.

### III. Motion to Dismiss (#23)

This is the defendant's second motion to dismiss. The Court granted the defendant's first motion to dismiss, then granted plaintiff's motion to reconsider under Federal Rule of Civil Procedure 60(b) in light of plaintiff's documented trouble receiving

mail, and then instructed plaintiff to file an Amended Complaint. Plaintiff filed that amended complaint, defendant filed the instant motion (#23). Plaintiff filed a response memorandum (#28) to which defendant replied (#29). As explained above, the parties exchanged several other memoranda after defendant filed its reply brief.

To summarize, plaintiff alleges that she was employed as a teacher with the defendant. She believes she was repeatedly reassigned, harassed, and ultimately discharged because of her disability and in retaliation for reporting the discrimination, bullying, and harassment she endured. (#21[1] at 29.) She alleges she suffers from epilepsy, which is well controlled with medication, but that she experiences seizures when stressed, tired, or in other circumstances. She filed her Charge of Discrimination with the Missouri Commission on Human Rights on April 17, 2015. The Equal Employment Opportunity Commission sent to plaintiff her Right to Sue letter on May 25, 2016. She received the letter on June 3, 2016 and filed her complaint on September 1, 2016. The Right to Sue letter states that she may file a lawsuit against the defendant and that it "must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice." (#1-1 at 1 (emphasis in original).)

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing

---

[1] References to plaintiff's First Amended Complaint, Document No. 21, include page numbers corresponding to the page numbers at the bottom of plaintiff's typewritten narrative.

litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

First, defendant moves for dismissal because it says plaintiff failed to provide evidence of her "right to sue letter" from the EEOC.  Defendant states that plaintiff did not attach the letter from the EEOC, so the Court cannot determine whether she exhausted her administrative remedies.  Plaintiff apparently believed that her original complaint's attached EEOC letter sufficed.  Defendant also argues that plaintiff's amended complaint must be dismissed  because she did not file her lawsuit within 90 days of receiving the right-to-sue letter.  Defendant observes that the amended complaint was filed 465 days after the plaintiff allegedly received the right-to-sue letter on June 3, 2016.  Defendant's memorandum ignores the relation-back doctrine. *See Smith v. Grifols USA*, LLC, 4:15CV00431 ERW, 2016 WL 880420, at *6 (E.D. Mo. Mar. 8, 2016).  This

Court invited plaintiff to file an amended complaint, and it relates back to her originally-filed complaint such that her lawsuit was timely filed.

Third, defendant argues that plaintiff fails to plead any factual information to support a claim of disability discrimination. To establish a prima facie case of discrimination under the ADA, plaintiff must show that "(1) the employee is disabled within the meaning of the ADA; (2) the employee is qualified (with or without reasonable accommodation) to perform the essential functions of a job; and (3) the employee suffered an adverse employment action because of the disability." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005).

Here, plaintiff alleges that she has epilepsy. She alleges that the defendant was aware that she had epilepsy because it was disclosed in her employment application or other forms. The ADA defines "disability" as including "a physical or mental impairment that substantially limits one or more of the major life activities..." 42 U.S.C. § 12102(2)(A). Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 42 C.F.R. § 1630.2(i). Here, defendant contends that plaintiff does not allege in her complaint that her epilepsy substantially limits any activities. In *Otting v. J.C. Penney Co.*, the Eighth Circuit held that one woman's epilepsy did substantially limit major life activities where it was shown that, "during her seizures [plaintiff] could not speak, walk, see, work, or control the left side of her body. 223 F.3d 704, 710 (8th Cir. 2000).

Plaintiff alleges that her epilepsy was controlled with twice-daily medication, but that she began to have seizures after she was involuntarily transferred to a new school in

6

September 2014.  The seizures cause a variety of problems, including jerking, unresponsiveness, and staring, and she becomes confused for short periods following the seizures.  (#21 at 4.)  She alleges that the seizures required her to take leave from work.  (#21 at 6.)  The in-classroom seizures also required her to divide her students and quickly send them to other teachers' classrooms.  (#21 at 7.)  These allegations plainly show that plaintiff's alleged symptoms during seizures were limiting major life activities.  The Court finds that she has sufficiently alleged a disability under the ADA.

Defendant further argues that plaintiff does not show she was qualified, with or without reasonable accommodation, to perform the essential functions of a job.  Although it is true that plaintiff does not provide evidence of a doctor's letter stating what accommodations are required due to her epilepsy, plaintiff's allegations suggest that her seizures were brought on by extremely disruptive, hostile, and violent students in her new classroom.  She alleges she is a certified teacher (#21 at 6).  She alleges she requested accommodation of a teacher assistant or transfer to a different grade level (with different, presumably less disruptive students) and that her requests were denied.  It is not plaintiff's duty to <u>prove</u> --- at this stage --- that she was qualified to perform her job with or without accommodation.  She adequately alleges that she, as a certified teacher, was able to perform her job but that circumstances either unrelated or related to her epilepsy caused her to have seizures which required accommodation.

As for the third element, defendant contends that plaintiff has not alleged that she suffered an adverse employment action because of her disability.  Defendant suggests that plaintiff alleges only that she was subjected to involuntary transfer because of her

disability. (#24 at 8.) Defendant argues that other teachers were also involuntarily transferred and that "minor changes in duties or working conditions…even if they were unwelcome changes" are insufficient to make a claim for discrimination. (#24 at 9.) *See Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016). Plaintiff, however, does not allege "minor changes." She alleges that the abusive and violent classroom conditions to which she was transferred were more than "minor" or "unwelcome." Further, plaintiff also suggests that her treatment by administration after her transfer was discriminatory because they (1) failed to respond to her requests for help; (2) they delayed the arrival of help unreasonably; and (3) failed to implement consequences required of poor student behavior in accordance with the student conduct code. (#21 at 6, 7.) Essentially, as the Court reads plaintiff's amended complaint, plaintiff alleges that the defendant assigned plaintiff to a known dangerous and stressful classroom situation despite knowing that it would exacerbate her epilepsy; then, when plaintiff asked for help, the defendant's administration ignored her pleas and did not institute standard behavioral consequences for the students causing trouble in plaintiff's classroom. Plaintiff alleges death threats from students and that one physical altercation resulted in plaintiff's being punched, scratched, bitten, and kicked by a student she was trying to retrain from attacking other students. (#21 at 9.) Plaintiff's injuries required treatment at an urgent care facilities and referrals to physical therapy and a pain specialist. (*Id.*)

Fourth, defendant argues that plaintiff's hostile work environment claim fails. To state a claim for hostile work environment under the ADA, plaintiff must show that she (1) is a member of the class of people protected by the statute; (2) that she was subject to

8

unwelcome harassment; (3) that the harassment resulted from her membership in the protected class; and (4) that the harassment was severe enough to affect the terms, conditions, or privileges of her employment. *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003).

The Court has already addressed that plaintiff has adequately alleged her disability under the ADA. "In order to be actionable, harassment must be both subjectively hostile or abusive to the victim and 'severe and pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive.'" *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 721 (8th Cir. 2003) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). "Merely rude, abrasive, unkind or insensitive" conduct does not qualify as actionable harassment. *Id.* Defendant here argues that the conditions plaintiff endured do not suffice because although she alleges she was "repeatedly harassed, intimidated, verbally abused, threated and physically assaulted," she appears to allege that the perpetrators were the six-year-old students in her classroom. She does not allege that the children knew she had epilepsy, but she does allege that she suffered the "discriminatory acts, harassment, intimidation, verbal abusive threats, and physical assaults…because of my disability." (#21 at 5.)

Further, plaintiff alleges that her second transfer resulted in a different hostile work environment. In February 2015, plaintiff was transferred back to her original school, Duchense, but as a fifth grade teacher instead of as a sixth grade teacher. She alleges this transfer occurred because she was told that her options were to return to

9

Walnut Grove following her November 2014-Feburary 2015 a medical leave (which she took to recover from her seizure "flare-ups") or to go back to Duchense. Her doctor had recommended that she not return to the conditions at Walnut Grove, so she alleges she felt she had no choice but to return to Duchense. (#21 at 22.) Once back at Duchnese, she alleges that she felt unwelcomed by the teachers, that she was not provided with any curriculum materials or other information she needed to teach, that her belongings from Walnut Grove were "lost or given away" and were never delivered to her as promised, that she alone was prohibited from using incentives with students or showing movies, and that she was not given a schedule of meetings or planning times, all in an effort to sabotage her work performance. Further, she alleges that the Duchense principal told the sixth grade students that they were not permitted to speak to plaintiff, causing plaintiff embarrassment and humiliation. (#21 at 18.)

The Court holds that plaintiff has adequately pleaded a hostile work environment. Further, plaintiff alleges that the above mistreatment by her administration was due to her disability. (#21 at ¶ I, p. 1.) Plaintiff's claims for ADA discrimination, hostile work environment, and retaliation remain.

**IV.   Motion to Disqualify (#50)**

Although plaintiff's claims for discrimination, hostile work environment, and retaliation remain, the Court must caution plaintiff that her uncivil and libelous attacks on defense counsel are troubling and detrimental to her lawsuit. Plaintiff has accused counsel of lying and other unethical behavior when in fact counsel has done nothing but represent their client appropriately in court documents. Plaintiff must be advised that

10

defense counsel's moving for dismissal of plaintiff's lawsuit and arguing that plaintiff "fails to state a claim" is not a lie nor unethical: it is standard practice in litigation.

Plaintiff's motion to disqualify counsel is confusing and not at all well-taken. Plaintiff's motion will be denied. Further, plaintiff is cautioned that further attacks on defense counsel may result in monetary or other sanctions, including possible dismissal of her case. *See* Federal Rule of Civil Procedure 40(b). The Court cannot and will not tolerate such baseless, inflammatory filings. Plaintiff must improve the tone of her communications with defense counsel and will be expected to cooperate civilly and fully in discovery as required by all the Federal Rules of Civil Procedure. Plaintiff is especially advised to review all the rules regarding discovery --- including Rule 37 --- carefully.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to correct exhibits (#33) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to clarify (#45) is **GRANTED** as explained herein. To the extent plaintiff sought to revive her supplemental memorandum (#43) which was stricken by Document No. 42, that request is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (#23) is **DENIED.**

**IT IS FINALLY ORDERED** that plaintiff's motion to disqualify counsel (#50) is **DENIED.**

Dated this  9th  day of May, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE