UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERI JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1412 SNLJ |
| | ) |
| FERGUSON-FLORISSANT | ) |
| SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the court on plaintiff's pro se motion for extension of time and clarification of case management order (#65) and on defendant's motion to compel discovery responses (#66). Neither party responded to the other's motion, and the time for doing so has passed.

Plaintiff states that she received the defendant's interrogatories in the summer of 2018, before the parties' Rule 16 conference. Defendant's counsel advised her to hold on to the interrogatories until after the conference. The court ordered that the interrogatories were entered effective the day of the October 3, 2018 Rule 16 conference. According to the Federal Rules of Civil Procedure, her response was due 30 days later. Fed. R. Civ. P. 33(b)(2).

Plaintiff thought that, based on the case management order ("CMO"), her responses to the interrogatories were due after depositions were completed, which she understood would have been after April 11, 2019. She seeks clarification from the court.

She also objects to the fact that, including subparts, the defendant's interrogatories total 48 questions by her count. The CMO sets a limit of 25 interrogatories.

For its part, defendant seeks an order compelling plaintiff to respond to the interrogatories. She has refused to do so.

The court is uncertain as to why plaintiff believes the CMO set a April 11, 2019 deadline for her interrogatory responses. Plaintiff cites to the CMO section I(d).[1] That section appears after the section providing the timeframe for expert depositions, which may be the source of plaintiff's confusion. However, the Federal Rules of Civil Procedure speak directly to the time period for interrogatories responses. See Fed. R. Civ. P. 33(b)(2). Her responses were therefore due on November 2.

As for the question of how many interrogatories defendant propounded on plaintiff, defendant served 10 numbered interrogatories, but many have multiple subparts. The subparts, if counted individually, cause the interrogatories to total more than 25. Defendant states that each of the subparts are logically and factually subsumed within and necessarily related to the primary question, and that thus only 10 interrogatories were served on plaintiff.

The Court notes that defendant's "primary questions" are not necessarily questions at all. Rather, they provide a reference point for the questions below. For example, Interrogatory 3 states

> 3. On page 24 Section XXV of your Amended Complaint, you allege that FFSD failed to follow the FFSD handbook, policy and procedures. Please state the following:

---

[1] There is no Section I(d). The Court presumes plaintiff intends to cite to Section I(3)(d).

> a. Identify the Handbook and the sections of the document which were violated by FFSD.
> b. Identify the person or person who violated the handbook causing discrimination against you.
> c. State the dates on which you reported each incident; and
> d. Identify the person or persons to which you reported the acts of discrimination.

This interrogatory thus starts only with an allegation and proceeds to ask questions about the allegation. The Court finds, however, that interrogatory (and others like it) appear to include the unstated question of "state the basis for a claim or allegation," which defendant includes in the Interrogatories' definitions. Plaintiff will be ordered to respond to the interrogatories as submitted. See *Johnson v. Neiman*, 4:09CV0689 JCH, 2010 WL 3283560, at *2 (E.D. Mo. Aug. 16, 2010) (allowing multiple interrogatory subparts where they "clarify the information requested and do not constitute a separate request."). Plaintiff must serve her responses to the interrogatories no later than December 12, 2018.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time and clarification of case management order (#65) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that defendant's motion to compel discovery responses (#66) is GRANTED.

**IT IS FINALLY ORDERED** that plaintiff shall serve her interrogatory responses no later than December 12, 2018.

Dated this __27th__ day of November, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE